**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joann WIGGAN, Defendant–Appellant.**

No. 07–50158.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 14, 2008.

Daniel A. Saunders, Esq., Michael J. Raphael, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David Robert Reed, Esq., Law Offices of David Robert Reed, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

Joann Wiggan appeals from the district court's denial of her motion to dismiss the government's first superseding indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wiggan argues that the Double Jeopardy Clause of the Fifth Amendment bars the government from re-litigating the three counts contained in the superseding indictment. She bears the burden of proving that collateral estoppel applies. *See Dowling v. United States,* 493 U.S. 342, 350–51, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). To determine whether Wiggan has met this burden, we undertake any or all of the following inquiries:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978). Applying this framework and focusing on inquiry three, we conclude that collateral estoppel does not apply because Wiggan has not demonstrated that the issues contained in the superseding indictment were "necessarily decided" in her first case. *Id.*

At trial, Wiggan's attorney invited the jury to acquit her on three independent

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

grounds: (1) lack of falsity, (2) lack of materiality, and (3) lack of willfulness. Based on the jury's general verdict, it is impossible to determine which of these three grounds or any other formed the basis for the jury's acquittal. Because "a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration," we hold that collateral estoppel does not apply. *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (quotation marks, citation and footnote omitted). We need not reach the first two steps of analysis from *Hernandez.*

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.